Bemis *v.* The Harborcreek Mutual Fire Insurance Company of Erie, Appellant.

*Insurance—Fire insurance—Change of title.*

Where a policy of fire insurance provides that any change of title shall render the policy void unless otherwise provided by agreement indorsed on the policy, the act of the insured in conveying the property without the consent of the company to a third person who subsequently reconveys it to the insured renders the policy void.

Argued April 29, 1901. Appeal, No. 285, Jan. T., 1900, by defendants, from judgment of Superior Court, April T., 1900, affirming judgment of C. P. Erie Co., Sept. T., 1897, No. 68, on verdict for plaintiff in case of E. L. Bemis v. The Harborcreek Mutual Fire Insurance Company of Erie. Before Mc-COLLUM, C. J., MITCHELL, FELL, BROWN and POTTER, JJ. Reversed.

Assumpsit on a policy of fire insurance.
Appeal from Superior Court.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*Frank Gunnison,* for appellant.—The decision of the Superior Court is contrary to that of the courts of many other states: Foote v. Hartford Fire Ins. Co., 119 Mass. 259.

The Supreme Court of this state has gone further than the courts of some of the states, in declaring policies void for breach of the conditions forbidding alienation: Finley v. Lycoming County Mutual Ins. Co., 30 Pa. 311; Buckley v. Garrett, 47 Pa. 204; Girard Fire & Marine Ins. Co. v. Hebard, 95 Pa. 45; Barnes v. Union Mutual Fire Ins. Co., 51 Me. 110.

*George H. Higgins,* for appellee.—The deed in this case being entirely without consideration, executed and delivered under a verbal agreement to re-convey at any time, was without any force or effect whatsoever, and did not even accomplish what the parties were endeavoring to do, that is, cut off the wife's dower in the real estate described in the deed: 1 Scribner on Dower, 401; 2 Scribner on Dower, 313; Boardman v. Dean, 34 Pa. 252; Hill v. Cumberland Valley Mutual Protection Co., 59 Pa. 474; Richards on Insurance, 157; Barry v. Hamburg-Bremen Fire Ins. Co., 110 N. Y. 1; Burkhart v. Farmers' Union Assn. & Fire Ins. Co., 11 Pa. Superior Ct. 280.

A mere nominal transfer, the actual interest remaining is not a breach of the condition.

OPINION BY MR. JUSTICE POTTER, July 17, 1901:

This action was brought by the plaintiff on a policy of insurance issued by the defendant company, July 11, 1896, for the term of five years, from June 30, 1896, insuring the personal property and the buildings of the plaintiff. A condition of the policy, printed in the body thereof, was as follows:

" This entire policy, unless otherwise provided by agreement endorsed hereon, or added thereto, shall be void if any change, other than by the death of the insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants, without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured or otherwise."

On September 16, 1896, the plaintiff and his wife conveyed the land and buildings which were insured, to John Morse, by a warranty deed in the usual form. This was without notice

to the defendant company, and without its consent. The deed was placed on record January 13, 1897. The property was subsequently re-conveyed by John Morse and wife to the plaintiff, Edwin L. Bemis, by deed dated February 20, 1897, and not recorded until April 27, 1897, twenty-four days after the loss by fire had occurred.

If the conveyance of the property by the insured, as above stated, during the term covered by the policy, was a violation of its terms, then the policy was void.

" The law of the relation between the insurer and the insured, is the policy, with all its clauses, conditions and stipulations, by which their mutual rights and liabilities are defined and measured : " West Branch Insurance Co. v. Helfenstein, 40 Pa. 289. In this case the policy stipulates that it " shall be void if any change . . . . take place in the interest, title, or possession of the subject of insurance." The plaintiff was bound to know this provision of the contract. The prohibition is against any change in the title, or in any interest less than the title. The condition is an entirely proper one, and, having been made a part of the contract, the company had a right to rely upon it; indeed the relation of insurer and insured was only created by means of the offer upon the part of the company, subject to the exact conditions expressed in the policy, and the acceptance thereof by the plaintiff. The insurer clearly stipulated that any change in title, or in interest without its consent should avoid the policy. Presumably it had good reason for inserting such a condition, but as to that we need not inquire. The parties made their own contract. Yet, in the face of the prohibition of any change in the title or interest in the property, the plaintiff executed a deed of conveyance, with covenant of warranty in the ordinary form, and duly acknowledged and recorded it. He thus absolutely parted with the legal title to the property, and, in so doing, violated the very letter of the condition of the policy, stipulating that there should be no change in the title without the consent of the insurer. It is idle for a party to execute a solemn deed of conveyance, purporting to be for a large consideration, duly acknowledge and record the conveyance, and then set up the claim that he has not parted with his ownership of the property, in any degree. Yet this is the contention of the appellee in

this case.   If the grantor intended anything less than an absolute conveyance of his title and interest, no such intimation appears in the deed.   The relation of insurer and insured was terminated when the condition was thus voluntarily broken by the act of the insured.   It could not be restored without the express or implied consent of the insurer.   No such consent was given.

The first and second assignments of error are sustained, and the judgment is reversed.