# Ambrose, Appellant, *v.* First National Fire Insurance Company.

*Insurance—Fire insurance—Unconditional and sole ownership.*

In an action upon a policy of fire insurance it appeared that the plaintiff agreed to sell a house and piece of land to a vendee who paid part of the purchase money and entered into possession. Thereafter defendant insured the vendor against loss by fire to said house. The insurance policy provided that it be void if the interest of the insured be other than unconditional and sole ownership. The house was destroyed by fire within the time mentioned in the policy. *Held,* that the insured could not recover.

Submitted Oct. 30, 1901. Appeal, No. 232, Oct. T., 1901, by plaintiffs, from judgment of C. P. Blair Co., June T., 1896, No. 258, non obstante veredicto in case of W. A. Ambrose, Trustee of Robert Bell, in right of said Robert Bell and in

right of the Mutual Building and Loan Association of Altoona, v. The First National Fire Insurance Company of Worcester, Mass.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

Assumpsit on a policy of fire insurance.    Before BELL, P. J.

At the trial the jury returned a verdict for plaintiff for $658.75, subject to a question of law reserved.    Subsequently the court in an opinion by BELL, P. J., entered judgment for defendant non obstante veredicto on the ground that the plaintiff who had sold the property, and at the date of the policy had delivered possession to the vendee on payment of part of the purchase money, was not the unconditional and sole owner within the meaning of those words in the policy.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*O. H. Hewitt, Neff & Geesey* and *George M. Meyers,* for appellant.—Bell was a trustee for his vendee, and, as against defendant company was the owner of the property insured : State Mutual Fire Ins. Co. v. Updegraff, 21 Pa. 513 ; Hill v. Cumberland Valley Mut. Protection Co., 59 Pa. 477 ; Reed v. Lukens, 44 Pa. 202 ; Parcell v. Grosser, 109 Pa. 620 ; Farmers' Mut. Ins. Co. v. Graybill, 74 Pa. 17 ; Hill v. Cumberland Valley Mut. Protection Co., 59 Pa. 474 ; Caldwell v. Fire Assn. of Phila., 177 Pa. 496 ; Western & Atlantic Pipe Lines v. Home Ins. Co., 145 Pa. 346 ; Welsh v. London Assurance Corporation, 151 Pa. 608.

Bell's interest was that of unconditional and sole ownership: Krook v. Birmingham Fire Ins. Co., 91 Pa. 300 ; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 477 ; Elliott v. Ashland Mut. Fire Ins. Co., 117 Pa. 554 ; Walter v. Sun Fire Office, 165 Pa. 383 ; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460 ; Yost v. Dwelling House Ins. Co., 179 Pa. 385 ; Bemis v. Harborcreek Mutual Fire Ins. Co., 14 Pa. Superior Ct. 533.

There being no representation, it will be presumed that the policy was intended to cover in good faith the interest the insured had : Pittsburg Storage Co. v. Scottish Union, etc., Ins. Co., 168 Pa. 528 ; Imperial Fire Ins. Co. v. Dunham, 117 Pa.

475; Elliott v. Ashland Mut. Fire Ins. Co., 117 Pa. 554; Phila. Tool Co. v. British American Assurance Co., 132 Pa. 236; Western, etc., Pipe Lines v. Home Ins. Co., 145 Pa. 363; Bole v. New Hampshire Fire Ins. Co., 159 Pa. 53.

The conditions of the policy are to be construed most strongly against the company whose contract it is: Rife v. Lebanon Mut. Ins. Co., 115 Pa. 533; Lebanon Mut. Ins. Co. v. Losch, 109 Pa. 107; Phila. Tool Co.. v. British American Assurance Co., 132 Pa. 241; Franklin Fire Ins. Co. v. Brock, 57 Pa. 80.

*Thomas C. Hare,* for appellee.—The vendee was the owner: Elliott v. Ashland Mutual Fire Ins. Co., 117 Pa. 554; Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568.

The interest of Bell not being sole and unconditional ownership at the time the policy was issued, and the character of the interest of the insured not being truly stated in the policy issued, the policy was void ab initio: Syndicate Ins. Co. vi Bohn, 12 W. Q. C. C. A. Rep. 536; Hamilton v. Dwelling House Ins. Co., 22 L. R. A. 530; Welsh v. London Assurance Corporation, 151 Pa. 616; Moore v. Susquehanna Mutual Fire Ins. Co., 196 Pa. 33; Syndicate Ins. Co. v. Bohn, 65 Fed. Repr. 165; Swan v. Watertown Fire Ins. Co., 96 Pa. 43; Lennox v. Greenwich Ins. Co., 9 Pa. Superior Ct. 178; Penna. Ins. Co. v. Gottsman, 48 Pa. 151.

OPINION BY BEAVER, J., January 21, 1902: •

The appellant clearly states the question involved, based upon facts which were agreed upon, because of the death of the stenographer, and is as follows: "A vendor agreed to sell a house and piece of land to a vendee who paid part of the purchase money and entered into possession. Thereafter defendant insured the vendor against loss by fire to said house. The insurance policy provides that it be void 'if the interest of the insured be other than unconditional and sole ownership.' The house was destroyed by fire within the time mentioned in the policy. Can the insured recover?"

The converse of this proposition was decided in Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460, in which it was held that the assured, though but a purchaser under articles of agreement of the land on which stood the insured property and the purchase

money unpaid, was such an owner in fee that the policy was not void under a similar condition. The reasons for this ruling are clearly stated by Mr. Justice CLARK in his opinion at page 475, and need not be repeated here.

It is evident, as is clearly pointed out by the court below in entering judgment for the defendant, non obstante veredicto, that the vendee and vendor cannot both at the same time be the sole and unconditional owners of the property. If loss occurs before the legal title passes from the vendor to the vendee, it falls, of course, entirely upon the vendee who is liable for the entire purchase money, notwithstanding the loss by fire of buildings erected upon the property sold.

The vendor, after possession has been delivered, has no control thereof. He can secure it again only by the voluntary surrender of the vendee or by equitable ejectment or other legal process.

The vendor doubtless had an insurable interest, as has a mortgagee, but the character of that interest should have been fairly made known to the insurer, so that the moral hazard as well as the ordinary risk could have been taken into account, when the contract of insurance was made. The fundamental condition upon which the insurance in this case was effected was wanting, when the policy was issued. It was, therefore, void and neither the vendor nor his assignee, who is the use party here, was entitled to recover.

Judgment affirmed.