VICTOR LEVIN ET AL., APPELLANTS, v. STATE ASSURANCE COMPANY, LIMITED, ET AL., RESPONDENTS.

Submitted October 26, 1928—Decided February 4, 1929.

For the appellants, *Kelsey & Ludwig.*

For the respondents, *Lum, Tamblyn & Colyer,* *William A. Wachenfeld* and *Bauer & Ranker.*

The opinion of the court was delivered by

BLACK, J.   There is but one point that calls for any discussion on this appeal, viz., the validity of the fire insurance policy issued in the case.   The suit was brought to recover the amount of loss caused by fire under two fire insurance policies.

The complaint consists of two counts.   The trial resulted in a directed verdict by consent, under the first count, in favor of the plaintiffs for one hundred and thirty-five ($135) dollars.   Under the second count, a verdict of nonsuit was directed against the plaintiffs.   There are four grounds of appeal; first, error in granting a nonsuit by the trial court; two, three and four, overruling three questions put to plaintiffs' witnesses, Victor Levin and Joseph M. Henehan, these latter are immaterial and call for no discussion, as they seek to change the terms of the written policy by oral testimony,

*Naumberg* v. *Young,* 44 *N. J. L.* 331. The policy of insurance contained this provision, viz.: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto; shall be void  *  *  *  if the interest of the insured be other than unconditional and sole ownership  *  *  *; or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance, whether by legal process or judgment, or by voluntary act of the insured, or otherwise."

There were two policies, each for the sum of $2,500 and dated April 4th, 1923. The policies were to run each for a period of three years. One covered property known as No. 1200 Summit avenue, and the other property known as No. 1198 Summit avenue, Jersey City, New Jersey. On July 26th, 1924, a fire damaged one house and completely destroyed No. 1198 Summit avenue.

The testimony shows that on May 23d, 1924, the plaintiffs Levin and Petrofsky and their wives entered into a written agreement (*Exhibit P* 1) with Samuel Rubin, whereby they agreed to convey to him, on or before January 15th, 1925, the building known as No. 1198 Summit avenue, and the lot whereon it stood, subject to a monthly tenancy, therein held by him at $50 per month rent, commencing June 1st, 1924, with the right to occupy the same as monthly tenant from June 1st, 1924, until taking title. The purchaser, his heirs and assigns, to have possession on January 15th, 1925, and from thence take the rents thereof to their own use.

The prospective purchaser, Samuel Rubin, took possession as tenant under the agreement on June 1st, 1924, and on the 26th of the following month of July, 1924, a fire occurred, which entirely destroyed the premises at No. 1198 Summit avenue, occupied by him and damaged the other building at No. 1200 Summit avenue, the damage to No. 1200 amounted to $135, the amount for which the verdict was directed for the plaintiffs by consent of the parties.

Under our cases, the agreement of sale was in direct violation of the terms of the policy, in that the ownership is not unconditional and sole, there is a change by the written agreement in the interest, title and possession of the subject of the

insurance, as provided by the policy, not endorsed thereon or added thereto. *Grunauer* v. *Westchester Insurance Co.*, 72 *N. J. L.* 289. That case was in this court and the facts of the case are substantially the same as the facts of the case under discussion. *Hanson* v. *National Liberty, &c., Insurance Co.*, 100 *Id.* 215. As was said in the case of *Plockzek* v. *St. Paul, &c., Insurance Co.*, 91 *Atl. Rep.* 812, the provisions above quoted, is a part of the contract and must be enforced, unless there is evidence that its provisions have been waived by the defendant company. There is no such evidence of waiver in this case.

Finding no error in the record the judgment of the Supreme Court is, therefore, affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.