## Glessner *v.* Neshannock Mutual Fire Insurance Company, Appellant.

440

Argued May 18, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas C. Cochran,* with him *Thomas & Kiebort,* for appellant.

*Frank D. Prather,* of *Peters & Prather,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1938:

This is an action on a fire insurance policy issued by defendant to plaintiff covering certain real and personal property on a farm, the legal title to which was in her at the time a fire consumed the barn and personalty. The jury rendered a verdict in plaintiff's favor and from judgment entered thereon defendant appeals.

The issue in the case is whether plaintiff at the time of the fire was the unconditional and sole owner of the

property insured and whether any change had taken place in the interest, title or possession of the subjects of insurance. This issue arises out of the following provision of the policy: "This entire policy shall be void, unless otherwise provided by agreement in writing added thereto, — (a) if the interest of the insured be other than unconditional and sole ownership; . . . or (d) if any change other than by the death of the insured take place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard)."

The testimony developed that plaintiff, who lived in Missouri, had received from W. H. Smith, her father, a deed for the farm on which the barn and contents covered by the policy of insurance were located. He procured the insurance in her behalf. She gave him a power of attorney, which she alone signed, her husband not joining, in pursuance of which he entered into an agreement with William N. Soles and Katherine Tyson, for the conveyance to them of the farm and personal property thereon for a cash consideration of $5,000, of which $200 was paid at the signing of the agreement. As part of the consideration, Soles and Tyson were to convey certain property which belonged to them to plaintiff. Apparently, owing to some difficulty in making title, this conveyance has never been carried through. However, Soles and Tyson entered into possession of the farm on March 21, 1934, a few days after the agreement was executed, and continued to occupy it at the time of the fire on November 9, 1934, and down to the present time. No deed has been made to them.

Soles and Tyson planted seed, which had been purchased by them, at the customary time in 1934 and the crops from this seed and the hay harvested by their labor are the grain, hay, straw, feed and seeds which plaintiff claims belonged to her and were covered by the policy in suit. Prior to the fire, Soles and Tyson had sold some of the cows transferred in the agreement, also

some of the potatoes they had raised. Previous to the fire, the insurance company knew nothing of the agreement or that Soles and Tyson were in possession of the farm.

By direction of the trial judge, the jury found specially the value of the various items for which claim was made, $2,000 for the barn; $600 for grain, hay, straw and other feed and seeds; $400 for farming implements and machinery, wagons, harness, sleighs and sleds, and $500 for livestock.

In no aspect of the situation do we see how recovery could be had for the grain, hay, straw, &c. Soles and Tyson borrowed the money for the seeds which produced most of the crop. All that was produced was harvested by their labor. Under the terms of the agreement, they were given possession of the property. Plaintiff had no title to these things. They belonged to Soles and Tyson.

We are likewise of opinion that plaintiff cannot recover for the other personal property. The agreement gave them absolute and unconditional possession of it. Plaintiff argues that a conversation subsequent to the agreement modified it in the respect that title did not unconditionally pass until a bill of sale was delivered; we are unable to adopt this conclusion. We think, under the terms of the agreement when possession was given, a change took place in the interest and possession of this personalty under the provisions of the policy: *Vancouver Nat. Bank v. Law Union & Crown Ins. Co.,* 153 Fed. 440; *Point Gratiot S. & G. Co. v. Hartford Fire Ins. Co.,* 77 Misc. 221, 136 N. Y. S. 877, aff'd. 156 App. Div. 924, 141 N. Y. S. 1142, 216 N. Y. 661, 110 N. E. 1048.

This brings us to the consideration of whether recovery can be sustained for the value of the barn. We are forced to the conclusion that it cannot be, because the policy is rendered "void if the interest of the insured be other than unconditional and sole ownership or if any change take place in the interest, title or possession of

the subject of insurance unless otherwise provided by agreement in writing added thereto." The ownership of plaintiff was not unconditional and sole; Soles and Tyson had an interest in the property. They had paid part of the consideration for its purchase and there had been a change in the interest and possession. The parenthetical clause "except change of occupants without increase of hazard" refers to tenants only: *McGinnis v. St. Paul Ins. Co.*, 38 Pa. Superior Ct. 390.

While it may be true in some instances that a vendor, under executory articles of agreement for the sale of property, does not lose the protection of his insurance under such a provision in the policy as is now before us, this is not so where he puts the vendee in possession. Mere executory contracts unaccompanied by any transfer of possession do not constitute such a change as would render the policy void *Hill v. Cumberland Valley Mutual Protection Co.*, 59 Pa. 474; *Kronk v. Birmingham Ins. Co.*, 91 Pa. 300; *Walter v. Sun Fire Office*, 165 Pa. 381, 30 A. 945; *Dunsmore v. Franklin Fire Ins. Co.*, 299 Pa. 86, 149 A. 163. Where, as here, however, the contract is partially executed, part of the consideration paid and possession delivered to the vendee, the "interest" of the vendor is changed and he can no longer be considered "the sole and unconditional owner" within the intendment of the policy. Unless this status is consented to by the insurer, the insured forfeits his rights under the policy: *Ambrose v. Fire Ins. Co.*, 19 Pa. Superior Ct. 117. See for converse proposition that the vendee in possession is the unconditional and sole owner: *Imperial F. Ins. Co. v. Dunham*, 117 Pa. 460, 12 A. 668. ". . . a mutually valid and binding contract for the sale of property, if accompanied by delivery of possession and the receipt of part of the purchase price, effects a change in the interest of the vendor therein, within the meaning of a condition stipulating that, unless otherwise provided by agreement, indorsed thereon, or added thereto, etc., the policy shall be void

if any change, etc., takes place in the interest, title, or possession of the subject of the insurance. It has also been declared that this rule is further based upon the principle that the word 'interest', as used in such condition, is broader and more comprehensive than the word 'title', and embraces both legal and equitable rights. Again, it has been held that a contract binding the vendee to pay a certain price for a piece of real property under which the vendee takes possession, and which binds the vendor to make a conveyance upon the payments being made, constitutes a sale which voids the policy if not consented to": Couch on Insurance, Sec. 982. ". . . under the usual provision avoiding the policy on an alienation, or change of title or interest, the delivery of a deed in escrow, or the execution of a contract of sale, possession being retained by the vendor, does not, according to the prevailing view, avoid the policy, though authority may be found to the contrary. Where, however, possession is delivered to the vendee under such a contract there is a change of title or interest": 14 R. C. L. 1119. To the same effect are: First *Nat. Bank v. Glens Falls Ins. Co.*, 27 F. (2d) 64; *Kavanaugh v. Franklin Fire Ins. Co.*, 185 Cal. 307, 197 Pac. 99; *Levin v. State Assur. Co.*, 105 N. J. L. 422, 144 A. 797; *Sewell v. Home Ins. Co.*, 131 App. Div. 131, 115 N. Y. S. 345; *Vancouver Nat. Bank v. Law Union & Crown Ins. Co.*, supra. For a complete citation of cases, see 60 A. L. R. 11, 45, 52.

The case is ruled in principal by *Bemis v. Insurance Co.*, 200 Pa. 340, 49 A. 769, where we said (p. 342): " 'The law of the relation between the insurer and the insured, is the policy, with all its clauses, conditions and stipulations, by which their mutual rights and liabilities are defined and measured': *West Branch Insurance Co. v. Helfenstein,* 40 Pa. 289. In this case the policy stipulates that it 'shall be void if any change . . . take place in the interest, title, or possession of the subject of insurance.' The plaintiff was bound to know

this provision of the contract. The prohibition is against any change in the title, or in any interest less than the title. The condition is an entirely proper one, and, having been made a part of the contract, the company had a right to rely upon it; indeed the relation of insurer and insured was only created by means of the offer upon the part of the company, subject to the exact conditions expressed in the policy, and the acceptance thereof by the plaintiff. The insurer clearly stipulated that any change in title, or in interest without its consent should avoid the policy."

Appellee argues that defendant's conduct and correspondence constitute a waiver of all other defenses than that set forth in a letter which it wrote on February 27, 1935. This letter was addressed to Smith and a copy was sent to plaintiff in Missouri. It stated that a paper received by defendant from Smith and purporting to be a proof of loss suffered by plaintiff "is in no sense of the word a compliance with the requirements of the policy," that the paper was not accepted by defendant as a proof of loss and that Smith had no authority to execute or file it. It was further stated that the company disclaimed all liability under the policy. We think the principle sought to be invoked has no pertinency to the situation now before us. It has as its basis that the insured has been misled to her injury by the attitude the insurance company assumes, as the cases of *Freedman v. Fire Association*, 168 Pa. 249, 32 A. 39; *Bush v. Hartford Fire Ins. Co.*, 222 Pa. 419, 71 A. 916; *Zoller v. Hartford Fire Ins. Co.*, 272 Pa. 386, 116 A. 359, and *Simons v. Safety Mutual Fire Ins. Co.*, 277 Pa. 200, 120 A. 822, demonstrate. All that the letter relied upon for the argument made amounts to, is a repudiation of the proofs of loss filed by Smith. Where, as here, the insured was not prejudicially affected by the position which the insurance company assumed, the principle can have no application: *Fedas v. Ins. Co. of State of Penna.*, 300 Pa. 555, 151 A. 285.

The terms of the policy deny plaintiff's right to recover.

Judgment reversed and here entered for defendant.