## Burgoon *v.* Conemaugh Valley Mutual Fire Insurance Company, Appellant.

Submitted April 24, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*C. Randolph Myers,* and *Alton A. McDonald,* for appellant.

*Charles S. Evans,* and *Evans & Evans,* for appellee.

PER CURIAM, July 17, 1947:

The facts in this action of assumpsit on a policy of fire insurance and the respective contentions of the parties are clearly set forth in the opinion of the trial judge, as follows:

"On about the 12th or 13th of June, 1943, during the life of the policy, the plaintiff made an agreement with Jesse Gregory and his wife, in which agreement the plaintiff, Burgoon, engaged to sell his farm, which included the insured buildings and certain items of personal property, for the sum of $4,000.00, to be paid for at the rate of $600.00 a year, with interest at four per cent. The Gregory family moved onto the farm and into the house in which the plaintiff had been living, the plaintiff, however, remaining with them as a part of their household. Up to February 23, 1944 the Gregorys had paid the sum of $300.00. At that time the Gregorys informed the plaintiff that they would have to give up the farm because they were not able to continue the payments. The plaintiff agreed to cancel such contract as they had and engaged the Gregorys to remain with him on the farm for another year. In the

meantime a fire occurred, on June 8, 1944, while the Gregorys were living with Mr. Burgoon on his farm, and proper notice was given to the fire insurance company. One of the representatives of the insurance company went on the premises and appraised the loss, and finally agreed on an amount which would cover the plaintiff's loss under the policy. The defendant insurance company having failed to pay the loss, the plaintiff, Burgoon, instituted this action.

"The defendant insurance company set up the defense against payment of the policy loss that the plaintiff, Burgoon, was not the sole and unconditional owner of the property as required by the terms of the policy.

"The plaintiff contended that the paper signed by himself and the Gregorys was not such a contract of sale as would convey title to the Gregorys, and that there was no transfer of title that would violate the terms of the policy and preclude the plaintiff from recovering for his loss."

The question of fact—whether Burgoon had surrendered the sole possession to the Gregorys—was submitted to the jury, and the jury decided that question in favor of plaintiff. The question of law—whether Burgoon had parted with his title to the property—was reserved by the court. Defendant filed motions for a new trial and for judgment n. o. v. and, after argument before a court en banc, the question of law was decided in favor of plaintiff and defendant's motions were overruled. Defendant then brought this appeal.

Upon a careful review of the entire record and consideration of the briefs of argument upon which the case was submitted, there being no oral argument, it is our considered opinion that both questions were properly decided.

We agree with the court below that ". . . the fact that the Gregorys moved onto the farm and operated it of itself [did not] oust the possession of Burgoon, who remained with the Gregory family and exercised ultimate control of the premises."

On the question of law we also agree with the court below that "The agreement is . . . an agreement to sell [an executory contract] . . . It is an agreement to sell upon condition that the purchasers, the Gregorys, would pay $4,000.00, and title was not to vest in them until the $4,000.00 was fully paid. . . . Burgoon, the plaintiff, did not part with his title and . . . at all times he was the sole and unconditional owner of the premises."

The same question has been before the appellate courts of this state many times. The latest pronouncement is found in the opinion of the Supreme Court in *Glessner v. Neshannock M. F. Ins. Co.,* 331 Pa. 439, 443, 1 A. 2d 233, as follows: "Mere executory contracts unaccompanied by any transfer of possession do not constitute such a change as would render the policy void: Hill v. Cumberland Valley Mutual Protection Co., 59 Pa. 474; Kronk v. Birmingham Ins. Co., 91 Pa. 300; Walter v. Sun Fire Office, 165 Pa. 381, 30 A. 945; Dunsmore v. Franklin Fire Ins. Co., 299 Pa. 86, 149 A. 163."

Judgment affirmed.