[Civ. No. 3549.   Fourth Dist.   Mar. 29, 1948.]

BECCA RAMBO, Respondent, v. WAYNE A. RAMBO,
Appellant.

Jamison & Jamison for Appellant.

Ward G. Rush and Fred J. Heid for Respondent.

BARNARD, P. J.—This is an appeal from an order denying a motion for a new trial made under section 953e of the Code of Civil Procedure.

The action is one for a divorce on the grounds of extreme cruelty, for a division of community property, and for an allowance for support and maintenance. The court found in favor of the plaintiff, allowed her $3,000 from the community property, and ordered the defendant to pay her $60 per month until such payments amount to the sum of $3,000.

An interlocutory decree was entered on June 6, 1946. The defendant's motion for a new trial was denied on July 29, 1946. A notice of appeal and a request for a transcript were filed by the defendant on August 22, 1946. On August 28, 1946, the defendant filed notice of a motion to vacate the interlocutory decree and for an order granting a new trial under the provisions of section 953e, together with an affidavit in support thereof. A hearing was had on September 3, 1946, and an order was entered on that day denying this motion.

The defendant has appealed from this order, contending that the court abused its discretion in denying his motion since he had proceeded in the customary manner, and had acted with promptness when he ascertained that a reporter's transcript could not be obtained. He relies on *Weisbecker* v. *Weisbecker*, 71 Cal.App.2d 41 [161 P.2d 990] and *Fickett* v. *Rauch*, 31 Cal.2d 110 [187 P.2d 402]. In the Weisbecker case, an order denying a motion for a new trial based upon the impossibility of obtaining a reporter's transcript, due to the death of the reporter, was reversed. It was there pointed out that the supporting affidavit contained a full recitation of facts showing the existence of substantial issues and the necessity of a reporter's transcript in order to present the same to a reviewing court. In the Fickett case the previous cases are cited, and to some extent reviewed, and the general rules are reaffirmed, namely, that the exercise of the power conferred by section 953e is discretionary, that an order denying such relief should not be reversed except for an abuse of discretion, and that whether such discretion has been abused depends upon the facts of a particular case. It is also pointed out in that case that while an appellant is not required to show facts indicating that a different result would be obtained on a retrial, it is incumbent upon him to make a showing sufficient to indicate substantial issues which are material to the appeal and disclosing both the necessity for a reporter's transcript and reasonable diligence on his part. It was held

that the necessary factual showing there appeared and the order denying a new trial was reversed.

It should be obvious that such motions as this should not be arbitrarily denied. In accordance with the purpose and intent of this statute, it may also be said that such motions should ordinarily be granted where a reasonable showing is made that such a transcript is necessary in order to present substantial issues, that a transcript cannot be procured for one of the reasons covered by the statute, and that proper diligence has been exercised. On the other hand, the discretion allowed to the court by this statute cannot be said to have been abused when a reasonable showing along these lines has not been made. This is in accord with the rules outlined and followed in *Fickett* v. *Rauch,* as we understand that decision.

In the instant case, the notice of motion filed states that a motion would be made to set aside the interlocutory decree and grant a new trial on the grounds that the defendant had requested a reporter's transcript, and that he "has been informed that the reporter's transcript cannot be obtained or transcribed due to the fact that the reporter's whereabouts are unknown . . . and that his stenographic notes cannot be found or transcribed." It is then stated that the motion will be made upon the affidavit served and filed therewith, upon all of the records of the case, and under the provisions of section 953e, Code of Civil Procedure.

The accompanying affidavit, by one of appellant's attorneys, was the only one presented to the court. Affiant states therein that when he filed his first motion for a new trial he requested a reporter's transcript; that he was informed by the clerk that the address of the reporter who acted at the trial was unknown to her and she was unable to give notice to him to prepare a transcript; that he endeavored, but after diligent effort was unable, "to obtain the whereabouts of the reporter" or to procure said reporter's notes for transcribing; that by reason thereof he was not able to present a transcript to the court, and for that reason a new trial was denied; that thereafter he filed a notice of appeal with a request for a transcript; and that he was then notified in writing by the clerk that the address of this reporter was unknown, and "we are unable to give notice to the reporter of the filing of the appeal."

Affiant then states that on July 11, 1946, he received a letter from the trial judge stating that the first motion for

a new trial was set for hearing on July 22, 1946, and requesting him to be present. This letter further stated that the reporter in question was committed to the State Hospital in Stockton in the latter part of the preceding March, that the judge had been informed "that he left the hospital about two weeks ago intending to go to Seattle," that he had also been informed "that he was in San Francisco about two weeks ago," and that he had been unable to learn where he might be located. The letter further stated that the judge might get a reporter in San Francisco to transcribe this reporter's notes in this case although this was doubtful, that if this could be done a reasonable sum would have to be deposited to cover the expenses, and that if it was desired to have the proceedings written up he would make a further effort to have it done. The affidavit then contains a copy of the affiant's reply to the judge's letter in which he refers to the fact that this reporter "has not yet been contacted and it will probably be impossible to contact him," says that since it will be impossible to obtain a reporter's transcript in time for the hearing of the motion for a new trial the matter should be continued "until we can secure the transcript or be informed that we will be unable to obtain the same," and that if arrangements can be made to have this reporter's notes transcribed by a reporter in San Francisco the charges would be paid upon receiving notice thereof. The affidavit then states:

"That affiant, after receipt of said notification in regard to the whereabouts of said reporter being unknown, attempted to obtain the whereabouts of said reporter but has been unable to do so. That by reason thereof defendant has been and will be deprived of obtaining the reporter's transcript of the testimony taken at the time of the trial of said action, and the preparing of briefs on appeal by defendant and appellant will depend upon the transcript of the testimony taken at the time of the trial of the action, and that by reason thereof defendant should be granted a new trial of said action as provided under Section 953E of the Code of Civil Procedure . . .".

Section 953e now provides that the trial judge shall have power to vacate a judgment or decree and to order a new trial when it is impossible to obtain a transcript because of the death or disability of the reporter, or because of the loss or destruction of the reporter's notes. The notice here stated that the motion would be made on the grounds that the reporter's transcript could not be obtained or transcribed due

to the fact that the reporter's whereabouts are unknown, and that his stenographic notes cannot be found or transcribed. The first of these grounds, that the reporter's whereabouts are unknown, is one which is not included in the provisions of 953e. Assuming that the second ground stated, that this reporter's notes. cannot be found or transcribed, is sufficient under the "loss or destruction" provision of section 953e no serious attempt was here made to prove that this reporter's notes could not be found. The affiant's statement that he had been unable to "procure" these notes seems to have been based on the connected statement that he had been unable to locate the reporter. Nothing is said in the affidavit as to what steps, if any, had been taken to try to locate the notes. The most reasonable inference to be drawn from the affidavit as a whole is that the stenographic notes were not lost and could be found. In his letter, set forth in the affidavit, the judge states that it is possible he might get a reporter in San Francisco to transcribe the notes of the reporter in this case. This indicates that the notes were available, and the judge further stated that if desired he would make an effort to have them written up. No further showing was made either in the affidavit or at the hearing of the motion here in question that this reporter's notes were unavailable, that they could not be written up, or that any further attempt had been made either to locate them or to have them written up.

While it incidentally appears from the judge's letter which appears in the affidavit that this reporter was committed to the State Hospital at Stockton the preceding March, it also appears that he left the hospital the latter part of June. At the hearing on the motion here in question on September 3, 1946, the judge remarked concerning this reporter "I haven't heard as to where he has been for the last three or four weeks. He has been in and out of the Stockton State Hospital, I understand. I haven't been able to contact him personally, and I have endeavored to do so." The notice of this motion did not give the disability of the reporter as one of the grounds to be relied on. The affidavit made no mention of such disability or of any facts relating thereto. Such a disability, if it existed, was not mentioned at the hearing with the exception of the judge's remarks, above quoted. The reporter's transcript of the proceedings at the hearing shows that the motion was presented on the general ground that a reporter's transcript could not be had because the address of the reporter was not known. In presenting the case appellant's attorney

said: "I think in this case it has been shown by the affidavit and also by the knowledge of the Court that the reporter's transcript cannot be procured and the address of the reporter is unknown."

The showing here made reveals a lack of anything to indicate that it was desired to raise substantial issues for which a transcript would be required, of facts showing the impossibility of obtaining a transcript for reasons covered by the statute, and of what, if anything, was done in attempting to ascertain whether the reporter's notes were in fact available and whether or not they could be transcribed by others. The showing made was not sufficient to require a ruling in appellant's favor. Under these circumstances it cannot be held that the court abused its discretion in denying this motion.

The order appealed from is affirmed.

Marks, J., and Griffin, J., concurred.