## Battle *v.* Manko, Appellant.

Argued November 13, 1953. Before RHODES, P. J., RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ. (HIRT, J., absent).

*Francis Taptich,* for appellants.

*Carmen R. Capone,* with him *Parker, Evashwick & Brieger,* for appellees.

OPINION BY WOODSIDE, J., March 16, 1954:

This is an appeal from the refusal of the Court of Common Pleas of Allegheny County to grant a new trial.

James A. Battle and Daniel F. Battle, plaintiffs, issued a writ of scire facias against George Manko and Maryann Manko, his wife, sur Mechanic's Lien, to recover the amount of $2009.91, with interest from December 3, 1948, alleged to be due the plaintiffs who

were engaged by the defendants to erect a dwelling house.

The defendants filed an affidavit of defense denying liability in the amount claimed for work done and materials furnished in the erection and construction of the building on their premises, alleging that the work done and the materials furnished were inferior in quality. They also denied liability for any extras.

By way of counterclaim the defendants demanded $2500 from the plaintiffs—claiming that this amount was expended by them in correcting poor workmanship and the use of inferior materials by the plaintiffs.

On June 5, 1952, after four days of trial, the jury returned a verdict in favor of the plaintiffs in the sum of $1939, finding affirmatively that the defendants had illegally broken their contract.

On June 16, 1952, the defendants filed a motion for a new trial setting forth the stereotyped reasons that the verdict was against the law, the evidence, and the charge of the Court. They also alleged that the judge erred in refusing to affirm two of defendants' points for charge to the jury, one of which was a request for a directed verdict.

On January 14, 1953, Roy F. Abele, the court reporter who took the notes of testimony in the case, died. It is admitted that he took notes of testimony in court as late as September 1952, and there is an indication that he continued to transcribe notes to within a few days of his death. After his death the notes of this case were found, but other reporters were not successful in their attempt to read them.

On April 22, 1953, the defendants, without first securing an order of court as required by court rules, filed additional reasons for a new trial. These were based upon the fact that the reporter had died without transcribing the notes.

The defendants made no effort to obtain an order for the transcription of the testimony either in their motion for a new trial or during the remaining seven months while the court reporter was alive. Had the defendants acted with due diligence there would have been ample time for them to have received the notes of testimony.

The sole reason for a new trial advanced in the argument before us, and in the court below, was that the notes of testimony were not available because the reporter had died, without transcribing them.

New trials have sometimes been granted where the notes of testimony have become unavailable because of the death of the stenographer who took the testimony. *Clark v. Stoker,* 18 D. & C. 708 (Erie County) (1917); *James & Rahm v. French,* 5 Pa. C.C. 270 (Wyoming County) (1887). See 66 C.J.S. §98(d) p. 281 et seq.

They should be granted, however, only if the notes are essential, and proper diligence to procure the transcript has been exercised. *Rambo v. Rambo,* 191 P. 2d 480, 84 Cal. App. 2d 632 (1948).

Furthermore, where the stenographer who took the evidence died before writing out his notes, and no one is then able to translate them, the evidence may be supplied in the same way that lost or destroyed records are supplied. *Walter v. Sun Fire Office,* 165 Pa. 381, 30 A. 945 (1895).

If, in the case at bar, the notes were essential, the appellants had ample time to have them transcribed before the death of the stenographer. The absence of the notes of testimony is as much the result of the appellants' lack of diligence as of the reporter's death.

Judge SOFFEL, who was the trial judge, speaking for the court, said in her opinion:

"The issues in the instant case were issues of fact, resolved by the jury in favor of the plaintiffs, after a full, complete and exhaustive charge to which counsel for the defendants took only a general exception.

"From the notes of the trial judge made during the course of the trial, it would appear that the verdict is not against the evidence."

Under all the circumstances of this case we are unanimously of the opinion that there is no merit in the motion for a new trial.

Judgment affirmed.