Syllabus.

On June 14, 1889, the record from this court of the case reported as Freiler v. Kear, 126 Pa. 470, was filed in the court below. For the facts, see the former report, and specially the modifying order of the Supreme Court dated June 7, 1889, 126 Pa. 477.

On September 16, 1889, the court below fixed a day "for argument in the above case," and on November 26, 1889, an opinion was filed (not printed in the paper-books), with an order directing judgment to be entered on the verdict. Thereupon, the defendant Kear took this appeal, filing assignments of error, all relating to rulings made during the first trial in the court below, except one specifying that the court erred:

6. In entering judgment on the verdict of the jury.

*Mr. David A. Jones* (with him *Mr. John W. Ryon*), for the appellant.

*Mr. Geo. J. Wadlinger* (with him *Mr. John A. Nash*), for the appellees.

PER CURIAM:
This case has been here before: Freiler v. Kear, 126 Pa. 470. There is nothing in its present aspect that requires further discussion.

Judgment affirmed.

———————•◆•———————

## CHARLES F. MOLLY v. GEORGE B. ULRICH.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF LEBANON COUNTY.

Argued February 20, 1890—Decided March 3, 1890.

In an action to recover damages for the breach of a parol contract to convey lands, if it is made to appear that such contract was but a parol defeasance of a deed for the same lands from the plaintiff to defendant, absolute on its face, the plaintiff is not entitled to recover: Act of June 8, 1881, P. L. 84.

Statement of Facts.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 248 January Term 1890, Sup. Ct.; court below, No. 283 June Term 1889, C. P.

On April 20, 1889, Charles F. Molly brought assumpsit against George B. Ulrich, to recover damages for the breach of a parol contract to convey real estate. Issue.

At the trial on November 15, 1889, the plaintiff's case in chief was briefly as follows: On November 6, 1888, the plaintiff obtained the note of the defendant to the plaintiff's order for the sum of $500, said note to be discounted in bank for the plaintiff, who was in need of money. As security to the defendant, the plaintiff executed and delivered to him a conveyance in fee-simple of property the plaintiff owned in Annville, under a parol agreement, made at the time, that the defendant should not have the deed recorded, and when the note was paid by the plaintiff the defendant should re-convey the property to him. This property so conveyed was subject to a mortgage for $1,300. The note obtained by the plaintiff was discounted, and he received the proceeds of it. On November 12, 1888, the defendant had the plaintiff's deed to him recorded. A week or ten days before the note matured, the defendant informed the plaintiff that if the latter wanted to continue the loan he could do so, which was done by a new note of the same form as the first, given to the bank as a renewal thereof. Before this renewal note matured, the defendant paid the amount of it to the bank and lifted it. In the spring of 1889, the defendant went into the property as a tenant, under a prior arrangement with the plaintiff that he should pay a fair rent for it, the plaintiff telling him, at the time, that he was trying to sell the property, but if he succeeded he would use his influence with the purchaser not to increase the rent upon the defendant. In April, 1889, the plaintiff sold the property to one Millard for $2,500. He had then but lately discovered that his deed to the defendant was upon record. The plaintiff and Millard went together to the defendant and tendered to him the amount due upon the note, which the defendant had lifted, and demanded a re-conveyance of the property according to the terms of the parol agreement. The defendant then and afterwards refused,

Opinion of Court below.

either to re-convey the property to the plaintiff, or to convey directly to Millard. Thereupon, the plaintiff brought this suit.

At the close of the plaintiff's testimony, the court, McPherson, J., on motion of defendant, entered judgment of nonsuit, with leave, etc.

A rule to show cause why the judgment of nonsuit should not be lifted having been argued, on December 14, 1889, the court, McPherson, J., filed the following opinion:

This action was brought, and tried, upon the theory that the defendant had broken a parol contract for the sale of real estate, and that the plaintiff was entitled to recover damages for such breach. From all the testimony, however, it is perfectly apparent that the real transaction between the parties, so far as disclosed, was a parol mortgage, and that the contract sued upon was not a separate, independent agreement, but an indivisible part of a larger agreement, which included a conveyance absolute on its face from Molly to Ulrich in consideration of a loan of money by Ulrich to Molly, and a contemporaneous parol agreement by Ulrich to reconvey to Molly, when the latter repaid the money. Of course, it is easy to separate in thought the parol agreement from the deed, but to treat them as really distinct for purposes of suit is wholly to change the transaction, and to impute to the parties an intention of which the testimony does not show a trace. As all the evidence at present before us plainly shows, they intended to make and did make a parol mortgage. While this suit supposes two distinct agreements, the plaintiff separates one of them, viz.: the parol defeasance, and proceeds upon it as if it were an independent contract to convey, instead of being, as it is, a dependent contract to reconvey.

As might be expected, this effort to apply to a parol mortgage the principles which govern a different kind of contract, does not work smoothly, and it breaks down entirely when the question of damages is reached. Upon this point it is well settled in Pennsylvania, that if the vendor breaks a parol contract to convey, in the absence of fraud he can only be called upon to compensate the vendee " for the actual loss sustained, such as the payment of money and expenditures and expenses incurred on the faith of the bargain: " Meason v. Kaine, 67

Pa. 132; and is not liable for the value of the vendee's bargain: Ewing v. Thompson, 66 Pa. 382. But this measure would not satisfy the plaintiff's claim, or fairly meet his right, if he has any right at all, in a case like the present; for, under the rule, he could only recover nominal damages, because he has spent nothing upon the faith of Ulrich's alleged promise to reconvey, while his right, if any exists at all, would certainly go much further. The plaintiff, therefore, frankly takes the position that the rule above cited must be changed so as to allow him to recover, not outlay merely, but the value of his interest in the land of which he has been deprived; in other words, that he may in effect still enforce a parol mortgage in spite of the act of June 8, 1881, P. L. 84.

We cannot sustain this position. The act declares, " that no defeasance to any deed for real estate, regular and absolute upon its face, made after the passage of this act, shall have the effect of reducing it to a mortgage, unless the defeasance is made at the time the deed is made, and is in writing, signed, sealed, acknowledged and delivered by the grantee in the deed to the grantor, and is recorded, etc., within sixty days from the execution thereof," etc.

It has been expressly decided that this act prevents the parol mortgagor from setting up an unacknowledged and unrecorded defeasance, when suing in ejectment for the land itself: Sankey v. Hawley, 118 Pa. 30. But the decision would be of little value if it and the act together could be evaded by the simple device of having the mortgagor sue in assumpsit, not for the land itself, but for what is the same thing, the value of the mortgagor's interest therein. This is in the face of the act, which in the most general terms declares that no defeasance, save as described, " shall have the effect of reducing (an apparently absolute deed) to a mortgage," and is nowhere confined to the action of ejectment.

In our opinion, it is immaterial by what form of action it is sought to thus reduce an apparently absolute deed to a mortgage; it is the reduction itself which is forbidden by the act, and this must apply to every means, direct or indirect, by which that result is sought to be reached. Clearly, the act would be violated by a recovery of the land; as clearly, it seems to us, it would be violated by a recovery of the value of the mort-

Opinion of the Court.

gagor's interest in the land. Such a recovery is asked in the case before us, but we believe it to be plainly forbidden both by the existing rule above quoted as to the measure of damages, and by the express provision of the act of 1881. The motion to take off the nonsuit is refused.

—Thereupon the plaintiff took this appeal, assigning the entry of the judgment of nonsuit and the order discharging the rule to show cause why the judgment should not be lifted, for error.

*Mr. W. M. Derr* (with him *Mr. W. D. Fisher*), for the appellant.

Counsel cited: Act of June 8, 1881, P. L. 84; White v. Bass, 3 Cush. 448; Mitchell v. Smith, 1 Binn. 110; Chadwick v. Collins, 26 Pa. 138; Potter's Dwarris, 185; Pittsburgh v. Kalchthaler, 114 Pa. 547; Bell v. Andrews, 4 Dall. 152; Bender v. Bender, 37 Pa. 419; Tripp v. Bishop, 56 Pa. 424; Hertzog v. Hertzog, 34 Pa. 428; Bitner v. Brough, 11 Pa. 139; Meason v. Kaine, 67 Pa. 133.

*Mr. Thomas H. Capp* and *Mr. George B. Schock*, for the appellee, were not heard.

In the brief filed, counsel cited: Act of June 8, 1881, P. L. 84; Sankey v. Hawley, 118 Pa. 30; Hartley's App., 103 Pa. 23; Felts's App., 1 Mona. 282; Meason v. Kaine, 67 Pa. 133; Ewing v. Thompson, 66 Pa. 382; Dumars v. Miller, 34 Pa. 319; Hertzog v. Hertzog, 34 Pa. 418; Milligan v. Dick, 107 Pa. 259; Pittsburgh v. Kalchthaler, 114 Pa. 552.

PER CURIAM:

We affirm this case upon the opinion of the learned judge of the court below.

Judgment affirmed.