# Grove *v.* Kase.

*Deed—Parol defeasance—Mortgage—Act of June 8, 1881, P. L. 84.*

Evidence that a deed absolute upon its face was really upon a trust that the grantee should apply the royalties from the land conveyed to the repayment of the grantor's debts to her for money then due, and for such as she might thereafter pay as surety, involves a parol defeasance, which the act of June 8, 1881, makes ineffectual to reduce a deed absolute to a mortgage.

*Trusts and trustees—Trust ex maleficio—Evidence—Fraud.*

The fraud necessary to establish a trust ex maleficio arising from a breach of confidence on the faith of which conveyance is made must be in the transaction from the beginning, though it may be shown by such subsequent conduct as will sustain an inference of fraudulent intent running back to the inception, but not developed until later occasion or opportunity is presented for accomplishment.

On a bill in equity to enforce an alleged trust ex maleficio arising from a breach of the confidence, on the faith of which a conveyance was made, where the defendant in the answer explicitly denies the charges of fraud, and the force of this denial is not overcome by the requisite, clear, precise and indubitable evidence, the Supreme Court will not reverse a decree dismissing the bill based on a finding that there was no fraud at all on the part of the defendant, and that an alleged parol agreement to treat the conveyance as security only, was not proved.

Argued Feb. 13, 1900. Appeal, No. 248, Jan. T., 1899, by plaintiff, from decree of C. P. Lebanon Co., dismissing bill in equity in case of Jacob H. Grove v. Emma G. Kase. Before MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Bill in equity for a reconveyance.

The facts appear by the opinion of McPHERSON, P. J., specially presiding, which was as follows:

This case was heard upon bill, answer, replication and testimony. We find the facts to be as follows:

1. The plaintiff and defendant are brother and sister. They inherited a considerable estate from their father, Elias Grove, who died in February, 1890; among other property, the undivided interest in coal lands and in a mining lease in the county of Luzerne.

2. In January, 1894, the plaintiff was indebted to the People's National Bank of Lebanon upon two notes, one of $800 and the other of $7,800, upon which the defendant and her aunt, Pauline Grove, were sureties. On October 7, 1895, the notes had been reduced to $450 and $6,500, respectively, and upon this date the plaintiff also owed his sister about $3,500, growing out of the partition of their father's estate. He further owed her about $5,600 on account of the settlement of their uncle Jacob's estate ; and for these two last mentioned sums he had confessed judgments. At this time he was financially embarrassed, and probably insolvent.

3. Upon October 7, the plaintiff and his wife duly executed and delivered to the defendant a deed absolute in form of his interest in the coal lands and mining lease above specified, the deed containing the following clause: "And whereas the said Jacob H. Grove desires to convey unto the said Emma G. Kase, formerly Emma G. Miller, all the estate, right, title and interest which he acquired under the aforesaid last will and testament of his deceased father Elias Grove, deceased, of, in, to and out of the said tracts of land and coal or mine leases, to wit : the full equal undivided one-half part of the interest of the said Elias Grove, deceased, of, in, to and out of the above described two tracts of land and coal or mine lease, so that the said Emma G. Kase shall become the full and complete owner of the entire right, title and interest of the said Elias Grove, deceased, of, in, to and out of the said two tracts of land and said coal or mine leases. " The whole deed is hereby referred to and made part of this finding.

4. Since the delivery of the deed the defendant has received, on account of the interest thus conveyed, more than $18,000 as royalties upon coal mined, and has paid the notes in question. For the above stated sum of $3,500, due her on account of the settlement of her father's estate, a judgment had been entered in Luzerne county binding the plaintiff's interest in the real estate conveyed, and this judgment the defendant has satisfied.

5. In the year 1898, after the payment of the notes and the satisfaction of the judgment, the plaintiff demanded a reconveyance, alleging that the only purpose of the deed was, that his sister might be enabled to receive and apply the royalties to the payment of the notes in the Peoples' Bank, and of the balance

due her in the settlement of her father's estate ; and averring that she had made an express parol agreement before the deed was signed, that she would reconvey as soon as the notes and the sum due her out of her father's estate were paid from the royalties. The defendant refused the demand, and shortly afterward the present proceeding was begun, asking for an account and for a decree compelling a reconveyance.

## DISCUSSION AND CONCLUSIONS OF LAW.

This statement of the facts does not set forth, that such an agreement as the plaintiff avers was, or was not, actually made ; for the present, we shall not make a specific finding upon this subject, but shall assume that the plaintiff's allegation correctly states the fact. The legal question, therefore, is, whether upon such an agreement the plaintiff can successfully rest his prayer for a decree. There are two aspects in which the transaction may be regarded. First, the deed may be really a mortgage, the defeasance being in parol. This is the natural conclusion ; indeed, it is difficult to avoid the decision that the transaction could be of no other character. The plaintiff owed the defendant $3,500, and was bound as principal for $7,000 more, for which she had assumed the obligation of a surety. In order to pay her the sum he already owed, and to protect her against being obliged to pay out of her own funds the sum for which she was contingently bound, he made a conveyance of real estate, absolute upon its face, but qualified by a parol agreement that after the profits of the land had repaid her the sum he owed, and had paid the debt upon which she was a surety, so as to relieve her from further liability, the land should be reconveyed. In our opinion this was a pledge of real estate to secure the payment of money and the discharge of a pecuniary obligation, and was so clearly a mortgage that discussion is likely to obscure the conclusion. If it was a mortgage, the Act of 1881, P. L. 84, lies squarely in the plaintiff's road to relief. It is unnecessary to dwell upon that statute. It provides expressly " that no defeasance to any deed for real estate regular and absolute upon its face, made after the passage of this act, shall have the effect of reducing it to a mortgage, unless the said defeasance is made at the time the deed is made, and is in writing, signed, sealed, acknowledged and delivered by the grantee in

the deed to the grantor, and is recorded . . . . within sixty days from the execution thereof . . . . :" Sankey v. Hawley, 118 Pa. 30 ; Molly v. Ulrich, 133 Pa. 41.

The other aspect in which the agreement may be regarded is urged by the plaintiff as the true aspect. He insists that the parol contract to reconvey imposed a trust ex maleficio upon the transaction, which should now be enforced by a decree of account and reconveyance. Unfortunately for this position, it has been expressly decided in numerous cases that the breach of a parol contract to reconvey is not of itself sufficient to warrant a court in fastening a trust ex maleficio upon the original conveyance. There must be proof of fraud at the time the deed was executed — of fraud inducing or influencing the grantor to part with his title — otherwise such a trust cannot arise : Salterv . Bird, 103 Pa. 436 ; Barry v. Hill, 166 Pa. 344 ; Martin v. Baird, 175 Pa. 540. In the cases cited by the plaintiff, Church v. Ruland, 64 Pa. 432, Long v. Perdue, 83 Pa. 214, and Stafford v. Wheeler, 93 Pa. 462, it was proved that the defendant's title was tainted by fraud, and this fact distinguishes these decisions from the case now before the court. In the present controversy no such proof was made, and accordingly we find as an additional fact :

6. That the defendant was not guilty of fraud in obtaining the deed ; that she made no false representation, concealed no important fact, and made no promise or agreement (other than the agreement to reconvey, which we are still assuming to have been made), in order to induce the plaintiff to execute the deed in question.

This finding of fact, in connection with the rule of law just referred to, is conclusive against the plaintiff's right, for the assumed agreement (even if actually made) would not, without proof of fraud, support the decree now asked. The discussion might end, therefore, at this point ; but it is only just to the defendant to add, that the alleged parol agreement was not proved by evidence of the necessary quality. The rule upon this subject is well settled. Before a deed absolute upon its face can be impressed with a parol trust ex maleficio, the evidence must be clear, precise and indubitable, and must proceed from at least two witnesses or from one witness corroborated by circumstances : Wallace v· Smith, 155 Pa. 78 ; Burr

v. Kase, 168 Pa. 81.   In our opinion the evidence laid before us does not come up to this standard.   The plaintiff's testimony is precise and positive; but it is met by the equally positive and precise denial of the defendant, and the corroborating circumstances relied upon by the plaintiff are so ambiguous that they may support either side with nearly equal strength.   It is unnecessary to consider them save in the briefest way.   The judgment confessed by Mrs. Pauline Grove to Mr. Kase is consistent with the plaintiff's theory, that the deed was not an absolute sale in consideration of the defendant's agreement to pay the notes in bank and to satisfy the debt of $3,500; for the fact that the judgment was sought by the defendant may show an intention to insist on Mrs. Grove's joint liability as Jacob's surety.   But the judgment is also consistent with the defendant's theory, that the sale was absolute; for it may be, that the judgment was given to protect Mrs. Kase's husband, who had assumed an individual liability for the notes in question after the deed was made to his wife.   The alleged declarations of the defendant, to which Mrs. Pauline Grove testifies, are plainly ambiguous and express little more than a willingness, or perhaps an intention, of the defendant to reconvey after her debt was paid.   Even less weight can be put upon the declarations to which Kate Miller testifies.   These do not even express a present intention to reconvey, and are altogether silent about a contract of reconveyance preceding the deed. Having regard, therefore, to the rule concerning the quality of evidence required to establish such a parol agreement as is alleged in the plaintiff's bill, it is impossible to hold that the plaintiff has successfully met the requirement of the law.   We therefore find as a further fact in the case:

7. That the plaintiff failed to prove that the defendant agreed to reconvey, after her debt of $3,500 should be paid, and after the payment of the notes in bank upon which she was surety.

If this finding of fact is correct, it disposes of the case without more; but, as we may be mistaken upon this subject, and the Supreme Court may reach a different result upon the testimony, we add the following conclusions of law:

1. If a parol agreement was made as averred by the plaintiff, either the transaction was a mortgage, and in this event

the parol defeasance cannot be enforced because it violates the act of 1881, or the agreement created a trust by parol, and in this event the trust cannot be enforced because it violates the Act of 1856, P. L. 533. sec. 4.

2. No trust ex maleficio has been shown to exist.

We therefore direct the plaintiff's bill to be dismissed at his costs.

*Error assigned* was the decree of the court.

*Bassler Boyer*, for appellant, cited Squires's App., 70 Pa. 266, Seichrist's App., 66 Pa. 237, Long v. Perdue, 83 Pa. 214, Church v. Ruland, 64 Pa. 432, and Salter v. Baird, 103 Pa. 436.

*S. P. Wolverton*, with him *Howard C. Shirk*, for appellee, cited Juniata Building Assn. v. Hetzel, 103 Pa. 514, Brawdy v. Brawdy, 7 Pa. 157, North & West Branch Ry. Co. v. Swank, 14 W. N. C. 444, Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 35, Jackson v. Payne, 114 Pa. 67, Phillips v. Meily, 106 Pa. 542, Jones v. Backus, 114 Pa. 120, Mifflin Co. N. Bank v. Thompson, 144 Pa. 394, Wodock v. Robinson, 148 Pa. 503, Halberstadt v. Bannan, 149 Pa. 53, Molly v. Ulrich, 133 Pa. 41, Rathfon v. Specht, 18 Pa. C. C. R. 19, and Barry v. Hill, 166 Pa. 344.

PER CURIAM, April 9, 1900 :

Plaintiff conveyed to defendant by deed absolute, duly acknowledged and recorded, and now files this bill for an account and reconveyance, on the ground that the deed was really upon a trust that defendant would apply the royalties from the land conveyed, to the repayment of plaintiff's debt to her for money then due and for such as she might thereafter pay as surety.

This transaction viewed, even as plaintiff himself presents it, was clearly a parol defeasance which the Act of June 8, 1881, P. L. 84, made ineffectual to reduce a deed absolute to a mortgage.

But appellant now seeks to prevail by the establishment of a trust ex maleficio arising from a breach of the confidence, on the faith of which the conveyance was made, and the fraudulent

use of the title thus acquired. Trusts of this kind were discussed in our late case of Barry v. Hill, 166 Pa. 344, and the general rule is that the fraud necessary to establish them must be in the transaction from the beginning, though it may be shown by such subsequent conduct as will sustain an inference of fraudulent intent running back to the inception, but not developed until later occasion or opportunity is presented for accomplishment. But the learned judge below found that there was no fraud at all on the part of the defendant, and that the alleged parol agreement to treat the conveyance as security only, was not proved. It was explicitly denied by the defendant in the answer and the force of this denial was not overcome by the requisite, clear, precise and indubitable evidence.

Decree affirmed.