# Crotzer, Appellant, v. Bittenbender.

*Deed—Mortgage—Defeasance.*

As between the original parties to a deed absolute on its face, a contemporaneous writing signed by the grantee, but unacknowledged and unrecorded, which stipulates that if the grantor shall not effect a sale before a date named all his rights in the real estate shall cease, and the same shall become the absolute property of the grantee, is not admissible in evidence to convert the deed into a mortgage or to change its absolute character.

Argued April 15, 1901. Appeal, No. 287, Jan. T., 1901, by plaintiff, from order of C. P. Luzerne County, March T., 1894, No. 230, dismissing exceptions to report of referee in case of Frank P. Crotzer v. Matilda L. Bittenbender, widow and administratrix of F. T. Bittenbender, deceased, L. K. Derby, guardian of Theodore, Joseph L., Fred E. and Rhoda Bittenbender, heirs and legal representatives of F. T. Bittenbender, deceased, P. W. Burns, D. W. Kingsbury and William Ritter. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Affirmed.

Ejectment for land in the borough of Nanticoke.

The case was referred to F. W. Wheaton, Esq., as referee.

From the referee's report it appeared that the land in controversy at one time belonged to Frank P. Crotzer. Crotzer was engaged in the drug business, and in 1893 became financially embarrassed. F. T. Bittenbender purchased a judgment on which certain executions had issued against Crotzer, and at a sheriff's sale bought in the goods. The understanding was that Bittenbender should make a bill of sale of the goods to Crotzer's wife when he had been reimbursed the advances which he had made to purchase the judgment. Subsequently at Crotzer's request Bittenbender sold the goods to a third party. On January 10, 1893, before the advances were repaid in full, Crotzer executed an absolute deed of the property in controversy to Bittenbender. Contemporaneously with the execution of the deed, another paper was executed signed by Bittenbender, which contained the following clause:

"It is mutually agreed, that if the said Crotzer shall not ef-

fect a sale before May 1, 1893, that all his rights to the real estate shall forever cease and be determined, and the same shall become the absolute property of F. T. Bittenbender, his heirs and assigns forever."

The referee held that the latter paper was inadmissible to change the absolute character of the deed, and reported in favor of the defendant.

Exceptions to the referee's report were dismissed by the court, and judgment was entered for defendant. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to referee's report.

*William R. Gibbons,* with him *William S. McLean,* for appellant.

*S. J. Strauss,* for appellee.

PER CURIAM, May 27, 1901:

The report of the learned referee and the dismissal by the court of the exceptions filed to it resulted in a judgment for the defendants. An examination of the report, and due consideration of the conclusion arrived at by the referee, convinced us that no error was committed in entering the judgment complained of by the appellant.

Judgment affirmed.