# Lohrer v. Russell, Appellant.

207    105
213    107
29 SC   33
30 SC   581

*Mortgage—Parol defeasance—Written defeasance—Acknowledgment—Deed—Act of June 8,* 1881, *P. L.* 84.

Since the Act of June 8, 1881, P. L. 84, a written defeasance, signed by the grantee, but unacknowledged and unrecorded, though contemporaneous with the execution and delivery of a deed absolute on its face, will not be admitted to convert such deed into a mortgage.

Argued April 27, 1903. Appeal, No. 265, Jan. T., 1902, by defendants, from judgment of C. P. Erie Co., Feb. T., 1901, No. 221, on verdict for plaintiff in case of Christian Lohrer v. Harriet Russell and William Russell. Before MITCHELL, DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Ejectment for land in Fairview township. Before WALL-ING, P. J.

The opinion of the Supreme Court states the case.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* among others was in giving binding instructions for plaintiff.

*Clark Olds*, for appellants.—There is a distinction between an absolute deed of conveyance with separate agreement by the grantee to reconvey upon the payment of a certain sum of money at a certain time, and an absolute deed of conveyance with an independent and subsequent contract by the vendee to convey upon the repayment of the purchase money. In the latter case the deed is not converted into a mortgage : Kelly v. Thompson, 7 Watts, 401 ; Wallace v. Smith, 155 Pa. 78 ; Null v. Fries, 110 Pa. 521 ; Moran v. Munhall, 204 Pa. 242 ; Markley v. Swartzlander, 8 W. & S. 172.

*U. P. Rossiter*, for appellee, cited : Sankey v. Hawley, 118 Pa. 30 ; Molly v. Ulrich, 133 Pa. 41 ; Grove v. Kase, 195 Pa. 325 ; Crotzer v. Bittenbender, 199 Pa. 504.

OPINION BY MR. JUSTICE POTTER, October 12, 1903 :

The testimony of the defendant in this case shows that she

and her husband borrowed $700 from the plaintiff, for which they gave him a deed for the land, and that he then at the same time and place executed and gave to them an article of agreement to reconvey.

There was but one transaction. The deed and the article of agreement were made in the office of the justice of the peace at the same time and between the same parties. Clearly the agreement was a defeasance.

The deed is absolute on its face, and it was duly executed and delivered. Under the act of June 8, 1881, the defeasance, although in writing and made at the time the deed was made, could not have the effect of reducing it to a mortgage, unless the defeasance was also acknowledged and recorded in the office for the recording of deeds and mortgages in the county wherein the land was situated, within sixty days from the execution thereof. This admittedly was not done. "Since the act of June 8, 1881, a written defeasance, signed by the grantee, but unacknowledged and unrecorded, though contemporaneous with the execution and delivery of a deed absolute on its face, will not be admitted to convert such deed into a mortgage:" Sankey v. Hawley, 118 Pa. 30. See also Molly v. Ulrich, 133 Pa. 41; Grove v. Kase, 195 Pa. 325, and Crotzer v. Bittenbender, 199 Pa. 504.

The trial court was therefore entirely right in holding that the defeasance was invalid and in directing a verdict for the plaintiff.

The assignments of error are overruled and the judgment is affirmed.