Sterck *v.* Germantown Homestead Company, Appellant.

*Deed—Mortgage—Defeasance—Act of June* 8, 1881, *P. L.* 84.

A woman desiring to purchase a lot, and not having the money with which to pay for it, applied to a corporation authorized to deal in real estate and stated her desire. The company thereupon bought the lot in question, and paid the purchase money therefor. On the following day the woman subscribed for certain shares of the company for the purpose of purchasing the lot in compliance with the by-laws, and entered into an agreement in writing with the company in the form of a lease, by the terms of which she agreed to pay a certain amount per month for a designated number of months, at the termination of which period the company was to execute a conveyance of the property to her. At the end of a period shorter than the terms designated in the agreement, she refused to make further monthly payments, contended that the transaction between her and the company was a loan; that the contract was usurious, and that she was entitled to a conveyance of the property upon the payment of the price at which the company bought it with interest. *Held*, that even if the contention of the member were correct that the title was held by the company as security for a loan, the transaction amounted to a mortgage, and the

Act of June 8, 1881, P. L. 84, protected the company in the absence of a written defeasance.

Argued Oct. 19, 1904.   Appeal, No. 158, Oct. T., 1904, by defendant, from decree of C. P. No. 3, Phila. Co., March T., 1904, No. 2544, on bill in equity in case of Ellen Mary Elizabeth Sterck v. Germantown Homestead Company and Job R. Mansfield.·   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Reversed.

Bill in equity for an injunction, and a receiver.   Before VON MOSCHZISKER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree awarding injunction and appointing receiver.

*Leoni Melick* and *Sheldon Potter*, of *Melick, Potter & Dechert*, for appellant.—The act of 1881 will be enforced without regard to the effect : Sankey v. Hawley, 118 Pa. 30.

The act of 1881 cannot be circumvented in any way : Molly v. Ulrich, 133 Pa. 41.

The act of 1881 applies without regard to the relation of the parties to the deed : Burkhart v. Fire Ins. Co., 11 Pa. Superior Ct. 280 ; Bemis v. Ins. Co., 200 Pa. 340.

*H. S. Prentiss Nichols*, with him *Samuel R. Rosengarten*, for appellee, cited as to the question of usury : Evans v. Negley, 13 S. & R. 218 ; Earnest v. Hoskins, 100 Pa. 551 ; Philip v. Kirkpatrick, Addison 124; Craig v. Pleiss, 26 Pa. 271 ; Greene v. Tyler & Co., 39 Pa. 361 ; Duquesne Bank's App., 74 Pa. 426 ; Fitzsimmons v. Baum, 44 Pa. 32 ; Heath v. Page, 63 Pa. 108 ; Primrose v. Anderson, 24 Pa. 215; Stayton v. Riddle, 114 Pa. 464 ; Hartranft v. Uhlinger, 115 Pa. 270.

Cited as to the defeasance : Burkhart v. Ins. Co., 11 Pa. Superior Ct. 280 ; Bemis v. Ins. Co., 200 Pa. 340; Fisher v. Witham, 132 Pa. 488.

OPINION BY HENDERSON, J., March 14, 1905 :

The material prayer of the plaintiff's bill is for a decree that the defendant company convey to the plaintiff a lot in the bill

described, by deed therefor properly executed.  As ground for such order she alleges that the defendant company was a corporation having for it object " The purchasing, taking, holding and enjoying real estate in fee simple, on lease or upon ground rent, improving, leasing, mortgaging and selling the same in fee simple or for any less estate, or upon ground rent to its sale shareholders and others, or on such terms as to time of payment as it may determine ; " that she desired to purchase the lot referred to, and not having the money with which to pay the purchase money, she applied to the defendant company, stating her desire; thereupon the company bought the lot in question, paying the purchase money therefor on December 9, 1896 ; the next day the plaintiff subscribed for four and two thirds sale shares of the defendant company for the purpose of purchasing the lot in compliance with the by-laws, and entered into an agreement in writing with the company, in the form of a lease, by the terms of which she agreed to pay $14.00 per month during the sixty-six consecutive months, and $11.70 per month thereafter, until the sum of $2,333.34 was paid ; at which time the defendant company was to execute a conveyance of the property to her.  Payments were made by the plaintiff on the contract for a period of nearly eight years.  It is not alleged that there was any fraud, misrepresentation or concealment by which she was induced to enter into the contract. She now contends, however, that the transaction between her and the company was a loan; that the contract was usurious ; and that she is entitled to a conveyance of the property upon the payment of the price at which the company bought it, with interest.

The defendant company acquired title to the property by a regular conveyance, and paid the purchase money therefor. At that time the plaintiff had no interest therein.  She had neither paid the purchase money, nor given any obligation under which she was bound to take the property or pay its price. Her legal interest in the title began when she executed the contract the next day.  No trust, either express or implied, arose at the inception of the title in the defendant company. It is alleged, however, that because of the verbal arrangement between the plaintiff and the company, the property was purchased for the plaintiff's benefit, and that the purchase money

paid therefor was in fact a loan to the plaintiff, and that the title by agreement and under the by-laws of the company was taken by the defendant company to be held as security until the debt was paid.

If the theory of a loan be accepted, the plaintiff was the real purchaser from the building and loan association, and the title was placed in the defendant company as security for the money advanced on account of such loan. In that view of the case the plaintiff is now attempting to convert a deed absolute on its face into a security for a loan, and that amounts to a mortgage. It was said by the court in Houser v. Lamont, 55 Pa. 311 : "Probably nothing is better settled in this state than this : that a deed taken as a security for the loan of money is but a mortgage, and cannot by any form of words or other means be converted into an absolute conveyance ; " and in Huoncker v. Merkey, 102 Pa. 462 : " The law does not regard the intention, however, further than to inquire if the conveyance was meant as a security for the payment of money. That original intent being established, the conveyance becomes a mortgage, and the parties cannot by special agreement alter the rules of law governing such contracts."

The plaintiff's contention, too, implies that the defendant company took the title with her consent as security for her debt to it. It is not necessary that it should have been specifically intended that that amounted to a mortgage. The question is whether it was intended as security for money. If that fact be found, the law infers the former : Bisp. Esq., sec. 154. Can the plaintiff then maintain her position in view of the provisions of the Act of June 8, 1881, P. L. 84? That act declares : " That no defeasance to any deed for real estate, regular and absolute upon its face, made after the passage of this act shall have the effect of reducing it to a mortgage unless the said defeasance is made at the time the deed is made, and is in writing, signed, sealed and acknowledged and delivered by the grantee in the deed to the grantor, and is recorded." In considering the effect of this act the court said in Sankey v. Hawley, 118 Pa. 30 : " The legislature intended to abolish utterly the oral defeasance ; " and in Molly v. Ulrich, 133 Pa. 41, by McPherson, J., adopted by the Supreme Court : " It is immaterial by what form of action it is sought to thus re-

duce an apparently absolute deed to a mortgage; it is the reduction itself which is forbidden by the act, and this must apply to every means, direct or indirect, by which that result is sought to be reached." To the same effect is Grove v. Kase, 195 Pa. 325. It is clear, even according to the plaintiff's contention, that the defendant company was to take a title absolute on its face, to be held as security for the money paid out on her account. This amounted to a pledge of real estate to secure the payment of a debt, and was, therefore, a mortgage. If a mortgage, the act of 1881 is an insurmountable obstruction to the relief which she seeks. It is not material that the defendant company never claimed to be the absolute owner of the property prior to the beginning of this proceeding. That claim was not made in Molly v. Ulrich, supra. Looking at the plaintiff's case from her own point of view, there is no aspect of it which does not disclose the placing of an absolute title in the defendant company to be held as security until a loan was repaid. We are unable to agree, therefore, with the conclusion of the learned court below, that this is not a case where real property is conveyed by one to another by deed absolute and an effort subsequently made to turn the deed into a mortgage. The very gist of the plaintiff's case is that the title held by the defendant company is hers, that it was placed in the name of the company as security for a debt which she owed it, and that the debt having been paid or tender made of the balance due, she is entitled to a decree for a conveyance. Any other title to the property arises out of the contract of lease with which she has not complied, and which she is not seeking to enforce.

We think it might be shown, if it were necessary to a proper determination of the case, that the transaction between the plaintiff and the defendant company was not a loan. The allegation of the loan is expressly denied by the defendant. No obligation was given by the plaintiff to the company for the payment of money as a loan, nor as far as appears from the evidence was there any agreement under which an action for borrowed money could have been maintained on failure by the plaintiff to make payment in accordance with the terms of the contract of December 10. The transaction has rather the appearance of an arrangement adjusted to the ability of a person

without funds who desired to purchase property on a contract which permitted the purchaser to pay the purchase money in small installments extending over a long period, and who was willing because of that opportunity, to pay a larger price than that for which the property might have been obtained for a cash payment.

In view, however, of the conclusion which we have reached, that the proceeding is an attempt to convert an absolute deed into a mortgage, it is unnecessary to pass upon the last proposition. The decree is reversed and the bill dismissed at the cost of the appellee.