## O'Connor, Appellant, v. Decker.

*Insurance—Fire insurance—Sole and unconditional ownership.*

Where a policy of fire insurance provides that the policy shall be void if the interest of the insured be other than unconditional and sole ownership, the policy is rendered void if the insured conveys the property insured to a third party by a deed absolute on its face, under a parol agreement that the same shall be held as collateral security for the payment of a debt.

Argued March 8, 1906.   Appeal, No. 11, March T., 1906, by plaintiff, from judgment of C. P. Lycoming Co., Dec. T., 1904, No. 382, on verdict for garnishee in case J. J. O'Connor v. George A. Decker, with notice to the Lebanon Mutual Fire Insurance Company of Lebanon, Garnishee.   Before RICE, P. J., PORTER, MORRISON, HENDERSON, ORLADY, BEAVER and HEAD, JJ.   Affirmed.

Assumpsit on a policy of fire insurance.   Before ORMEROD, P. J., specially presiding.

At the trial it appeared that on May 1, 1899, Geo. A. Decker borrowed from the firm of Linck Bros., the sum of $1,500, for which he gave them his judgment note dated May 1, 1899. The $1,500 was to be used towards the erection on said land of the building which was the subject of the insurance sought to be recovered in this case.

To further secure Linck Bros., Geo. A. Decker on July 5, 1899, excuted and delivered to them a fee simple deed for said property, the verbal agreement between the parties being that the deed should be in effect a mortgage only and be held by Linck Bros. as collateral security for the repayment to them of said $1,500, upon payment of which the property was to be reconveyed to Decker; the note given for same being still retained by Linck Bros.   The title to said property remained in the same situation until the property was destroyed by fire on October 23, 1904.   The policy in suit was issued on May 16, 1904.

The court gave binding instructions for the garnishee.

Verdict and judgment for garnishee.   Plaintiff appealed.

*Error assigned* was in giving binding instructions for garnishee.

580        O'CONNOR, Appellant, *v.* DECKER.

*Seth T. McCormick*, with him *John M. Reilly*, for appellant. —The holder of an equitable title has an insurable interest in the property: Penna. Fire Ins. Co. v. Dougherty, 102 Pa. 568; Lebanon Mut. Ins. Co. v. Erb, 112 Pa. 149; Kronk v. Ins. Co., 91 Pa. 300; Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460; Millville Mut. Fire Ins. Co. v. Wilgus, 88 Pa. 107; Watertown Fire Ins. Co. v. Simons, 96 Pa. 520; Elliott v. Ashland Mut. Fire Ins. Co., 117 Pa. 548; Yost v. Dwelling House Insurance Co., 179 Pa. 381; Burson v. Fire Assn., 136 Pa. 267.

This case is absolutely ruled by the case of: Burkhart v. Insurance Company, 11 Pa. Superior Ct. 280.

*C. La Rue Munson*, with him *Addison Candor* and *John G. Candor*, for appellee.—We submit that this case is ruled by Bemis v. Ins. Co., 200 Pa. 340.

PER CURIAM, April 23, 1906:

The policy in question contained this condition: " This entire policy . . . . shall be void . . . . if the interest of the insured be other than unconditional and sole ownership ; or if the subject of insurance be a building on ground not owned by the insured in fee simple." The question for decision is, whether there can be a recovery upon the policy, notwithstanding the fact that the insured had conveyed the real estate to a third party by a deed absolute on its face, under a parol agreement that the same should be held as collateral security for the payment of a debt and constitute a mortgage, and the title and ownership stood in that condition at the date of the delivery of the policy and of the fire. The defendant's counsel contend that an insuperable obstacle to recovery is that by reason of the provisions of the Act of June 8, 1881, P. L. 84, the policy holder had no interest in the property which he could enforce at law or in equity. That he had no such interest, or, to say the least, that the evidence would have been insufficient and incompetent to show that the deed was in fact a mortgage in a suit between him and the grantee, is conclusively settled by the decisions construing the act of 1881: Sankey v. Hawley, 118 Pa. 30; Molly v. Ulrich, 133 Pa. 41; Grove v. Kase, 195 Pa. 325; Crotzer v. Bittenbender, 199 Pa.

504; Lohrer v. Russell, 207 Pa. 105; Safe Deposit & Title Guaranty Company v. Linton, 213 Pa. 105; Sterck v. Germantown Homestead Co., 27 Pa. Superior Ct. 336; Rockhill's Estate, 29 Pa. Superior Ct. 28. True, it was decided in Burkhart v. Farmer's Union Assn. & Fire Insurance Co., 11 Pa. Superior Ct. 280, that in an action on an insurance policy, which provided that the same should become void upon an assignment or transfer of the property, it was error to reject an offer on the part of the plaintiff to prove by parol that a deed of transfer delivered after the issuance of a policy was intended only as a mortgage, and that the debt secured had been paid and a reconveyance made before the fire occurred. The ground of this decision was that the act of 1881 is to be construed in the same way as the Statute of Frauds of 1772 and the fourth section of the act of 1856, and therefore is not to be applied for the benefit of third persons who are neither purchasers for value without notice nor creditors. The theory upon which this distinction was made between a case where the statute is invoked by the grantee in the deed or his privies and a case where it is invoked by a third person was again made the ground of decision in Bemis v. Harborcreek Mutual Fire Insurance Co., 14 Pa. Superior Ct. 528. There the policy contained a clause that it "shall be void if any change, other than by the death of the insured, take place in the interest, title or possession of the subject of insurance," and the evidence showed that the deed in question was without consideration, that the purpose was to bar the wife's dower and that it was delivered under an oral agreement of the grantee to reconvey at any time, pursuant to which agreement he reconveyed the property before the fire took place. Upon appeal to the Supreme Court the judgment was reversed, and while the act of 1881 was not directly involved in the case the distinction above referred to, upon which alone the Burkhart case was decided, was necessarily brought into consideration. Speaking of the transaction, Justice POTTER said: " He thus absolutely parted with the legal title to the property, and, in so doing, violated the very letter of the condition of the policy, stipulating that there should be no change in the title without the consent of the insurer. It is idle for a party to execute a solemn deed of conveyance, purporting to be for a large con-

sideration, duly acknowledge and record the conveyance, and then set up the claim that he has not parted with his ownership of the property, in any degree. Yet this is the contention of the appellee in this case. If the grantor intended any thing less than an absolute conveyance of his title and interest, no such intimation appears in the deed. The relation of insurer and insured was terminated when the condition was thus voluntarily broken by the act of the insured. It could not be restored without the express or implied consent of the insurer. No such consent was given:" Bemis v. The Harborcreek Mut. Fire Insurance Co., 200 Pa. 340. Accepting and following the doctrine of that case, we are precluded from holding here that the policy holder was the sole and unconditional owner within the meaning of the policy, when he had conveyed the property by deed absolute on its face, and the revesting of the title in him depended wholly upon the will of the grantee. It was said by Judge PORTER in Chulek v. United States Fire Insurance Company, ante, p. 435, that the Burkhart case must be regarded as overruled by the decision of the Supreme Court in the Bemis case. Further consideration has confirmed us in that conclusion.

Judgment affirmed.