## Davis v. Davis, Appellant.

*Trusts and trustees—Trust ex maleficio—Bare parol trust—Evidence.*

A trust cannot be taken out of the prohibition of the statute as a trust ex maleficio which, under the most favorable view for the claimant, shows nothing more than a bare parol trust.

Argued Oct. 11, 1906. Appeal, No. 90, Oct. T., 1906, by defendant, from judgment of C. P. Somerset Co., Dec. T., 1903, No. 33, on verdict for plaintiff in case of Julia F. Davis v. George L. Davis. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit for money had and received for the use of the plaintiff. Before KOOSER, P. J.

In addition to the facts stated in the opinion of the Supreme Court it appeared that the defendant sold the property in question for $3,000, and did not account to the plaintiff for the difference between the selling price and the purchase price, plus certain other items of credit.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $1,979.86. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Valentine Hay*, with him *A. L. G. Hay* and *George R. Scull*, for appellant, cited: Kellum v. Smith, 33 Pa. 158; Franks v. Groff, 14 S. & R. 181; Wolford v. Herrington, 86 Pa. 39; Beegle v. Wentz, 55 Pa. 369; Boynton v. Housler, 73 Pa. 453; Dollar Savings Bank v. Bennett, 76 Pa. 402; Bryan v. Douds, 213 Pa. 221.

*J. A. Berkey*, for appellee, cited: Seichrist's App., 66 Pa. 237; Benjamin v. Zell, 100 Pa. 33; Everhart's App., 106 Pa. 349.

PER CURIAM, January 7, 1907:

The plaintiff paid no money or other consideration towards the purchase of the land, and therefore there is no basis for a resulting trust in her behalf.

Nor is there any sufficient evidence of a trust ex maleficio. The plaintiff and her husband had endeavored to buy the land but had been unable to raise the money. The defendant then made the purchase from the attorney of the vendor, borrowed the money on his own note with Saylor as surety, neither plaintiff nor her husband being party to it, took title in his own name, mortgaged it, subsequently paid the note, and treated the land throughout as his own. No act of his was shown which in anywise indicated or recognized any interest in the plaintiff, and the latter did not assert her present claim for nearly five years and a half, though her husband was working on the land, and being paid for his services by the defendant. The testimony which the learned judge below thought should carry the case to the jury is thus summed up in his opinion refusing a new trial: "The facts for the jury's consideration back of the mere promise (as alleged by plaintiff) of defendant to take and hold the title in trust are: The previous relations of Ross F. Davis, plaintiff's husband, and the grantors in connection with this particular land; the basis upon which the purchase price, $950, was fixed; Ross F. Davis's testimony as to defendant's suggestion 'To put the deed in his (defendant's) name for reasons he assigned;' and the testimony of H. B. Beal one of the grantors (and apparently the managing grantor) that he would not have sold the premises to anyone but Ross F. Davis for the price of $950, giving as his reason that 'he done at least $600 worth of work and I thought it was taking advantage of him not to sell to him.'"

The "previous relations" of plaintiff's husband to the land referred to, consist in his purchase of it from Beal six or seven years previously, his inability to pay for it, and the reverter of the title to Beal.   With these matters defendant had no connection at all.   The "basis upon which the purchase price of $950 was fixed" and the testimony of Beal that he would not have sold for that price to anyone but Ross were not connected with defendant at all.   Beal testified that he never saw defendant, the sale and the making of the deed were conducted by Mr. Pugh as Beal's attorney, and neither he nor anyone else testified to defendant's knowledge of these matters.   The only testimony that went really to the point of the case was that of Ross Davis that the title was put in defendant's name at the latter's own suggestion because Ross was in debt.   But this was flatly denied by defendant and with oath against oath the writings must prevail.   The testimony of Meyers who loaned the money was favorable to defendant.   He says " I don't recollect speaking to Ross Davis about this transaction.   I know nothing of any private arrangement between the parties."   And the same may be said of the testimony of Saylor who signed the note to Meyers as surety, though he knew of the efforts of Ross to buy the land and to borrow the money for that purpose. To the question " whom were you bailing at that time ? " he answered George L. Davis, " At the time the note was made was anything mentioned about Ross Davis or Julia?   A.. Not to my knowledge."

A trust cannot be taken out of the prohibition of the statute as a trust ex maleficio by testimony as loose as this : Grove v. Kase, 195 Pa. 325.   Under the most favorable view for the plaintiff she showed nothing more than a bare parol trust.

Judgment reversed and judgment directed to be entered for defendant.