## Clark's Estate.

*Trusts and trustees—Trust ex maleficio.*

Where a bank holds as collateral for a loan the stock of a corporation, and also the guarantee of the president of the corporation, the loan being to another party, and the guarantor submits to the bank, at its request, a statement of the financial condition of his company, in which he neglects to include an indebtedness to himself which is afterwards paid, and the bank makes no extension or additional loan on the strength of the statement, and thereafter the guarantor dies, the bank cannot claim that the decedent's administrator held any portion of the money paid to it on account of his indebtedness as a trustee ex maleficio for the bank.

Argued Oct. 26, 1910. Appeal, No. 145, Oct. T., 1910, by Bank of Pittsburg, from decree of O. C. Allegheny Co., June T., 1909, No. 192, dismissing exceptions to adjudication in Estate of T. Lee Clark, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before MILLER, J.
The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*T. C. Campbell,* with him *James S. Campbell,* for appellant.

*John S. Wendt,* with him *Trimble & Chalfant,* for appellee.

PER CURIAM, January 3, 1911:
In 1902 and 1903 the Pennsylvania Development Company became largely indebted to the Merchants' & Manufacturers' National Bank, now the Bank of Pittsburg, National Association. This indebtedness was guaranteed

by T. Lee Clark, the decedent, and two others, and secured by certain collaterals, among which were 500 shares of the capital stock of the Moundsville Water Works Company. At the request of the president of the bank, made September 28, 1904, the Pennsylvania Development Company submitted a written statement of the financial condition of the Water Works Company, signed by Clark as its president. This statement was not correct, for it omitted a liability of the company to Clark for $18,603.08, which sum his administrator subsequently collected, and the contention of the appellant is that, as it held one-half of the capital stock of the Water Works Company as collateral security for the said indebtedness, one-half of the said sum of $18,603.08 ought to be declared as a trust fund held by the appellee for its benefit, to be awarded to it as belonging to the stock pledged to it by Clark. In other words, the contention is that, in view of Clark's concealment of the Water Works Company's indebtedness to him in the statement signed by him as to its financial condition, one-half of the said indebtedness subsequently collected is impressed with a trust ex maleficio for the benefit of the appellant. The court below properly refused to sustain this, and its decree is affirmed upon the following portion of the opinion of the learned auditing judge: "No loan, no new thing of value passed from the bank when this alleged misrepresentation took place; no extension of time was asked for, none was agreed to; what the parties could then have done cannot now be alleged as having been done. The fund for distribution was not obtained from the Bank of Pittsburg in any manner; the bank neither parted with its money nor extended credit to the Moundsville Waterworks Company, whereby said company incurred the liability to pay Clark for this debt; no relationship is shown between the debt due Clark from the Moundsville Waterworks Company, and the moneys which the Bank of Pittsburg, N. A., loaned to the Pennsylvania Development Company; this alleged trust property does not appear to have belonged to the

claiming trust creditor when the alleged misrepresentation took place: Cavin v. Gleason, 105 N. Y. 256; the alleged fraud has not been shown to have adhered from the beginning of the transaction: Grove v. Kase, 195 Pa. 325; nothing subsequently said will create such a trust: McCloskey v. McCloskey, 205 Pa. 491; Berlinger v. Lutz, 179 Pa. 1. The debt owing Clark from the Waterworks Company was in no way enlarged or enriched by the alleged fraud of Clark upon the Bank of Pittsburg, N. A., and in the absence thereof, no approach for a finding of a trust ex maleficio exists."

Decree affirmed at appellant's costs.